EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552
     Facsimile: (213) 894-0142
     E-mail:    Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-0228-CAS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MARSHA GAY REYNOLDS, | |
| Defendant. | **CURRENT TRIAL DATE:** 05/31/16<br>**PROPOSED TRIAL DATE:** 08/09/16 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamy, and defendant Marsha Gay Reynolds, by and through her counsel of record, Stuart Goldfarb, hereby stipulate as follows:

1.  The Indictment in this case was filed on April 8, 2016. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on April 4, 2016. The

1  Speedy Trial Act, 18 U.S.C. § 3161, originally required that the
2  trial commence on or before June 17, 2016.
3      2.   On April 22, 2016, the Court set a trial date of May 31,
4  2016. On May 9, 2016, the Court continued the trial date to August
5  9, 2016.
6      3.   Defendant is detained pending trial. The parties estimate
7  that the trial in this matter will last approximately three days.
8      4.   By this stipulation, the parties jointly move to continue
9  the trial date to August 9, 2016.
10     5.   The parties request the continuance based upon the
11 following facts, which the parties believe demonstrate good cause to
12 support the appropriate findings under the Speedy Trial Act:
13         a.   Defendant is charged with a violation of 21 U.S.C.
14 §§ 841(a)(1), (b)(1)(A)(ii): Possession with Intent to Distribute
15 Cocaine. The government has produced discovery to the defense,
16 including video surveillance pertinent to the charge.
17         b.   In light of the foregoing, counsel for defendant
18 represents that additional time is necessary to confer with
19 defendant, conduct and complete an independent investigation of the
20 case, conduct and complete additional legal research including for
21 potential pre-trial motions, review the discovery and potential
22 evidence in the case, and prepare for trial in the event that a
23 pretrial resolution does not occur.
24         c.   Defendant believes that failure to grant the
25 continuance will deny her continuity of counsel and adequate
26 representation.
27         d.   The government does not object to the continuance.
28

e. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of May 31, 2016 to August 9, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//
//

1  Moreover, the same provisions and/or other provisions of the Speedy
2  Trial Act may in the future authorize the exclusion of additional
3  time periods from the period within which trial must commence.
4      IT IS SO STIPULATED.
5  Dated: May 23, 2016            Respectfully submitted,
6                                 EILEEN M. DECKER
                                  United States Attorney
7
                                  LAWRENCE S. MIDDLEOTN
8                                 Assistant United States Attorney
                                  Chief, Criminal Division
9

10                                _____/s/_____
                                  REEMA M. EL-AMAMY
11                                Assistant United States Attorney

12                                Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA
13

14      I am MARSHA GAY REYNOLDS attorney.  I have carefully discussed
15  every part of this stipulation and the continuance of the trial date
16  with my client. I have fully informed my client of his Speedy Trial
17  rights.  To my knowledge, my client understands those rights and
18  agrees to waive them.  I believe that my client's decision to give up
19  the right to be brought to trial earlier than August 9, 2016 is an
20  informed and voluntary one.

21  ___[signature]_____     ___5-24-16_____
22  STUART GOLDFARB                        Date
    Attorney for Defendant
23  MARSHA GAY REYNOLDS

24
        I have read this stipulation and have carefully discussed it
25  with my attorney.  I understand my Speedy Trial rights.  I
26  voluntarily agree to the continuance of the trial date, and give up
27
28

4

my right to be brought to trial earlier than August 9, 2016.

M. Reynolds                                    5-24-16
MARSHA GAY REYNOLDS                            Date
Defendant