EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
OCDETF Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0552
    Facsimile: (213) 894-0142
    E-mail:    Reema.El-Amamy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-0228-CAS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| MARSHA GAY REYNOLDS, | |
| Defendant. | **CURRENT TRIAL DATE:** 08/09/16<br>**PROPOSED TRIAL DATE:** 11/29/16 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Reema M. El-Amamy, and defendant Marsha Gay Reynolds, by and through her counsel of record, Stuart Goldfarb, hereby stipulate as follows:

1. The Indictment in this case was filed on April 8, 2016. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on April 4, 2016. The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before June 17, 2016.

2. On April 22, 2016, the Court set a trial date of May 31, 2016. On May 9, 2016, the Court continued the trial date to August 9, 2016.

3. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately three days.

4. By this stipulation, the parties jointly move to continue the trial date to November 29, 2016.

5. The parties request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii): Possession with Intent to Distribute Cocaine. The government has produced discovery to the defense, including video surveillance pertinent to the charge. The government has also produced discovery related to a First Superseding Indictment that the government intends of filing this month.

    b. In light of the foregoing, counsel for defendant represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.

    c. Defendant believes that failure to grant the continuance will deny her continuity of counsel and adequate representation.

      d.    The government does not object to the continuance.

      e.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

6.  For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 9, 2016 to November 29, 2016, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.

//

//

3

1  Moreover, the same provisions and/or other provisions of the Speedy
2  Trial Act may in the future authorize the exclusion of additional
3  time periods from the period within which trial must commence.
4      IT IS SO STIPULATED.
5  Dated: July 11, 2016        Respectfully submitted,

                          EILEEN M. DECKER
                          United States Attorney

                          LAWRENCE S. MIDDLEOTN
                          Assistant United States Attorney
                          Chief, Criminal Division

                              /s/
                          REEMA M. EL-AMAMY
                          Assistant United States Attorney

                          Attorneys for Plaintiff
                          UNITED STATES OF AMERICA

    I am MARSHA GAY REYNOLDS attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than November 29, 2016 is an informed and voluntary one.

_____
STUART GOLDFARB                  Date
Attorney for Defendant
MARSHA GAY REYNOLDS

    I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up

1 | my right to be brought to trial earlier than November 29, 2016.

_M. Reynolds_                         07/14/2016
MARSHA GAY REYNOLDS          Date
Defendant